UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 5:22-cv-00885-RGK-SHK | Date | August 10, 2022 |
|---|---|---|---|
| Title | *Lamar Central Outdoor, LLC v. Darrell Mike et al* | | |

cc: Riverside County Superior Court, Case No. CVPS2200748                    JS6

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Motion to Remand [DE 17]; Motions to Dismiss [DEs 11, 20]; Motion to Intervene [DE 19]

## I. INTRODUCTION

On February 18, 2022, Lamar Central Outdoor, LLC ("Plaintiff") filed a complaint in Riverside County Superior Court against Darrell Mike, Anthony Madrigal, George Nicholas, and Shawn Muir (collectively "Defendants"). Plaintiff alleges claims for (1) intentional interference with contractual relations; (2) intentional interference with prospective economic advantage; (3) intentional misrepresentation; (4) negligent misrepresentation; and (5) conversion. (Compl., ECF No. 1-1.) On May 26, 2022, Defendants removed the case to federal court based on federal question jurisdiction. (Removal Notice, ECF No. 1.)

Presently before the Court is (1) Plaintiff's Motion to Remand; (2) Defendants' Motion to Dismiss; (3) Twenty-Nine Palms Band of Mission Indians' (the "Tribe") Motion to Intervene; (4) the Tribe's Motion to Dismiss. (ECF Nos. 11, 17, 19, 20.) For the following reasons, the Court **GRANTS** Plaintiff's Motion to Remand and **DENIES** the other motions **as moot**.

## II. FACTUAL BACKGROUND

Unless otherwise noted, the following facts are drawn from Plaintiff's complaint:

Plaintiff is an outdoor billboard advertising company, with its principal place of business in Riverside County. Plaintiff entered into eight separate lease agreements (the "Lease Agreements") with the Tribe whereby the Tribe agreed to lease some property to Plaintiff to build eight outdoor billboards. Each lease agreement provided that Plaintiff would expend funds to construct a billboard advertisement display on each leased property, and manage and maintain all aspects of the display, while the Tribe would provide the property and collect rent from Plaintiff. The Lease Agreements included a provision stating that they are subject to the Tribe's Business Site Leasing Ordinance (the "Ordinance"). The

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:22-cv-00885-RGK-SHK | Date | August 10, 2022 |
|---|---|---|---|
| Title | *Lamar Central Outdoor, LLC v. Darrell Mike et al* | | |

cc: Riverside County Superior Court, Case No. CVPS2200748                                JS6

Ordinance gives authority to the Tribe's Economic Development Corporation (the "Corporation") to manage all leases in accordance with the Ordinance and set forth specific procedures that must be followed in the event of a defaulting tenant.

On February 20, 2020, three years into the Lease Agreements, Defendant Darrell Mike ("Mike"), the Tribal Chairman for the Tribe, cancelled the Lease Agreements without providing a basis for termination. After receiving notice of termination, Plaintiff began its process of dismantling and removing its billboards, but the process was complicated by COVID-19 stay-at-home orders. Plaintiff notified Mike that additional time would be needed to remove the billboards because of the stay-at-home orders. Defendant George Nicholas ("Nicholas"), the Tribal Chief Administrative Officer for the Tribe, assured Plaintiff that he would push Plaintiff's permits along to remove its billboards, but Nicholas never did and never intended to do so. Additionally, Defendant Anthony Madrigal ("Madrigal"), Director of Tribal Development and Business Development Committee Administrator for the Tribe, and Defendant Shawn Muir ("Muir"), Environmental Coordinator/Laboratory Director for the Tribe, refused to provide Plaintiff with the information to obtain the necessary permits to remove the billboards. Because of these actions, Mike was able to ultimately claim that Plaintiff's permit submissions were insufficient and therefore the billboards would not be returned to Plaintiff. In taking these actions, Defendants were not acting in their official capacity nor within the scope of their authority because their conduct was inconsistent with the procedures established by the Ordinance and the Lease Agreements.

### III. JUDICIAL STANDARD

Title 28 U.S.C. § 1441(a) authorizes defendants to remove a case to federal court when the federal court would have had original jurisdiction to hear the case in the first instance. District courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

When determining whether federal question jurisdiction exists, courts apply the "well-pleaded complaint rule," which states that "federal jurisdiction exists . . . when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Cal. Ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)).

### IV. DISCUSSION

The party invoking removal bears the burden of establishing a federal court's jurisdiction. *Gould v. Mutual Life Ins. Co. of N.Y.*, 790 F.2d 769, 771 (9th Cir. 1986). Here, as the party invoking removal, Defendants assert that removal was proper because (1) Plaintiff's claims arise under federal law, and (2)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:22-cv-00885-RGK-SHK | Date | August 10, 2022 |
|---|---|---|---|
| Title | *Lamar Central Outdoor, LLC v. Darrell Mike et al* | | |

cc: Riverside County Superior Court, Case No. CVPS2200748         JS6

the Tribe's reservation is a federal enclave conferring exclusive federal jurisdiction. For the following reasons, the Court disagrees.

### A.     The Present Case is Not a Civil Action Arising Under Federal Law

A court possesses federal question jurisdiction only if federal law creates the cause of action or an essential element of the cause of action raises a substantial question of federal law. *Phillips Petroleum Co. v. Texaco, Inc.*, 415 U.S. 125, 127–28 (1974).

Defendants contend that because Plaintiff is challenging Defendants' enforcement of the Ordinance and the Lease Agreements—to which the Tribe is a party—a substantial question of federal law exists. Defendants cite to *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1077–78 (9th Cir. 1990) to support their contentions. In that case, the court held that an Indian tribe's attempt to enforce one of its ordinances against a non-Indian defendant created federal question jurisdiction. *Rose*, 893 F.2d at 1077–78. Defendants' reliance on this case is misplaced. Here, an Indian tribe is not attempting to enforce an ordinance. Plaintiff asserts only tort claims, and does not allege breach of contract or question Defendants' ability to enforce their Ordinance or Lease Agreements. Despite Defendants' assertions to the contrary, Plaintiff does not challenge the "Tribe's sovereign legislative and regulatory authority over non-Indian's leases of tribal trust land." (Opp'n at 3, ECF No. 29.) Defendants mischaracterize Plaintiff's Complaint. Plaintiff's Complaint reveals that the causes of action do not raise a substantial question of federal law.

Defendants also argue that a federal question exists because the Tribe possesses sovereign immunity. The existence of this affirmative defense, however, does not confer federal question jurisdiction under the well-pleaded complaint rule. *See Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 14 (1983) ("[A] case may not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue.").

Therefore, Defendants have not met their burden in showing that Plaintiff's claims arise under federal law.

### B.     The Tribe's Reservation is Not a Federal Enclave

Defendants assert that because the Tribe's reservation is a federal enclave, and because there is federal jurisdiction over incidents that occur in federal enclaves, removal was proper. Defendants' argument is misguided.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:22-cv-00885-RGK-SHK | Date | August 10, 2022 |
|---|---|---|---|
| Title | *Lamar Central Outdoor, LLC v. Darrell Mike et al* | | |

cc: Riverside County Superior Court, Case No. CVPS2200748                                JS6

"Federal enclave jurisdiction refers to the principle that federal law applies in federal enclaves." *City & Cty. of Honolulu v. Sunoco LP*, 39 F.4th 1101, 1111 (9th Cir. 2022). But federal law does not always govern. *Id*. For instance, 28 U.S.C. § 1360 provides that California courts have jurisdiction in cases "to which Indians are parties" and that "those civil laws of [California] have the same force and effect within such Indian country as they have elsewhere within [California]." Because California law applies to this case, there is no basis for federal enclave jurisdiction.[1]

Furthermore, "a defendant cannot use activities on federal enclaves to create instant jurisdiction for a state-law claim." *Sunoco LP*, 39 F.4th at 1111. Federal enclave jurisdiction is applied "narrowly." *Id*. "A claim must allege that an injury occurred on a federal enclave or that an injury stemmed from conduct on a federal enclave." *Id*. Here, the connection between Plaintiff's injury (lost billboards) and Defendants' conduct (interference and fraud) is too "attenuated and remote." *See id*. ("Federal enclave jurisdiction needs a direct connection between injury and conduct."); s*ee also Cty. of San Mateo v. Chevron Corp.*, 32 F.4th 733, 750 (9th Cir. 2022) (finding no federal enclave jurisdiction where the defendants alleged "conduct on federal enclaves that may have contributed to global warming, which allegedly caused the rising sea levels that resulted in injuries that are basis for the [plaintiff's] claims"). Also, Defendants do not demonstrate how much of their allegedly tortious conduct occurred on a federal enclave, if any. The Court therefore cannot find that Plaintiff's injury occurred on a federal enclave or stemmed from conduct on a federal enclave.

**V.    CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion to Remand. Having granted Plaintiff's Motion, the Court **DENIES as moot** Defendant's Motion to Dismiss, the Tribe's Motion to

---

[1] Also, Defendants have not provided sufficient support that the Tribe's land constitutes a federal enclave. In their notice of removal, Defendants cite the Tenth Circuit for the proposition that Indian reservations are federal enclaves. *See* Removal Notice at 6. But the Ninth Circuit squarely holds that the United States Secretary of the Interior's "acquisition of land in trust for the benefit of a tribe does not result in the creation of a federal enclave." *Club One Casino, Inc. v. Bernhardt*, 959 F.3d 1142, 1151 (9th Cir. 2020). The Court therefore questions Defendants' assertion that the Tribe's reservation is a federal enclave permitting federal jurisdiction.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:22-cv-00885-RGK-SHK | Date | August 10, 2022 |
|---|---|---|---|
| Title | *Lamar Central Outdoor, LLC v. Darrell Mike et al* | | |

**cc: Riverside County Superior Court, Case No. CVPS2200748**     **JS6**

Intervene, and the Tribe's Motion to Dismiss.[2]

    **IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | jre/k |

---

[2] Plaintiff requests attorneys' fees and costs under 28 U.S.C. § 1447 for Defendants' improper removal of this case. The Court declines this request. Defendants' removal of this case was not so devoid of support to justify them paying attorneys' fees to Plaintiff.